IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERIBERTO RODRIQUEZ,<br>Plaintiff,<br><br>v.<br><br>UNIT MANAGER SELELLO; *ET AL.*,<br>Defendants. | )<br>)<br>) **Civil Action No. 12-924**<br>)<br>) **Magistrate Judge Cynthia Reed Eddy**<br>)<br>)<br>)<br>) |

# MEMORANDUM OPINION AND ORDER[1]

Plaintiff filed the underlying civil rights complaint in this Court on July 5, 2012 asserting a laundry list of complaints about the conditions of his confinement at SCI-Pittsburgh. On October 29, 2012, Defendants filed a Motion to Dismiss (ECF No. 26) along with a Brief in support thereof (ECF No. 27) claiming that the complaint should be dismissed against it for failure to state a claim upon which relief may be granted. On November 30, 2012, I issued an Order notifying the parties that the pending motion to dismiss would be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 with respect to the issue of Plaintiff's exhaustion of administrative remedies (ECF No. 30). That four-page order specifically informed Plaintiff that the Local Rules of the United States District Court for the Western District of Pennsylvania require that a party opposing a motion for summary judgment file a responsive "concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by: (a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge. *See* ECF Nos. 8 and 25. *See also* 28 U.S.C. § 636(c)(1).

material; (b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety ... with appropriate reference to the record; and (c) setting forth ... any other material facts that are allegedly at issue and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment." L.R. 56.C.1. In addition, that Order clearly stated that, pursuant to our Local Rule 56.E, alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will, for the purpose of deciding the motion for summary judgment, be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.

On January 9, 2013, Plaintiff filed a Response in Opposition to Defendants' Motion (ECF No. 34). However, Plaintiff did not file any concise counter statement of facts; nor did he specifically dispute Defendants statement of facts with the requisite citation to the record. Consequently, in accordance with our Local Rules, all factual averments contained in the Defendants' CSMF will be deemed admitted for purposes of summary judgment. *Accord* Enigh v. Miller, Civil No. 08-1726, 2010 WL 2926213 (W.D. Pa. July 23, 2010) (collecting cases). *See also* Cuevas v. United States, Civil No. 09–43J, 2010 WL 1779690, at * 1 (W.D. Pa. Apr.29, 2010) ("Plaintiff's response to Defendant's Motion does not contain any basis for any ... denial of a fact and also fails to reference the record for each such denial. Though this Court must give certain latitude to a *pro se* litigant, it is not for the Court to sort through the entire record to determine the basis of an alleged disputed fact. As Plaintiff has failed to comply with our local rules, Defendant's Statement of Facts as set forth in [its Concise Statement of Material Facts] are

admitted as true and correct.").

## A. Standard of Review

Summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id.* The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. Whiteland Woods, L.P. v. Township of West Whiteland, 193 F.3d 177, 180 (3d Cir. 1999), Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).

## B. Exhaustion of Administrative Remedies

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e, concerning suits by prisoners. Before the amendments, prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit. The PLRA amended section 1997e(a), as follows, making exhaustion a mandatory requirement.

    (a)    Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), as amended.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to the mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth where the Court confirmed that in the PLRA Congress mandated complete exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures. *See* Booth v. Churner, 532 U.S. 731 (2001) (holding that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action). In addition, in Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

The administrative grievance procedure for Pennsylvania inmates is codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." The purpose of the grievance system is to insure that every inmate confined in a Bureau of Correction facility has an avenue through which prompt resolution of any problem which arises during the course of confinement may be sought. The grievance system applies to all state correctional institutions and provides three levels of review: 1) initial review by the facility grievance coordinator; 2) appeal of initial review to the superintendent or regional director; and 3) final appeal to the Secretary's Office. The administrative policy further provides that, prior to utilizing the grievance system, prisoners are required to attempt to resolve problems on an informal basis through direct contact or by sending an inmate request slip to the appropriate staff member.

The Court of Appeals for the Third Circuit repeatedly has instructed that a prisoner's failure to comply with the procedural and substantive requirements of DOC's grievance policy results in procedural default, thereby precluding an action in federal court. *See* Torrence v. Thompson, 435 F. App'x 56, 593 (3d Cir. 20011) (state inmate's assertion that he needed his limited funds to pursue his civil rights lawsuits against state corrections department did not warrant excusing his failure to exhaust administrative remedies through prison grievance process, due to his refusal to submit copies of items required to perfect appeal); Banks v. Roberts, 251 F. App'x 774 (3d Cir. 2007) (holding that federal prisoner, who did not wait to file his Bivens complaint in federal court until after he had received final determinations from his administrative filings and completed the appeal process as to those determinations, failed to comply with PLRA mandatory exhaustion requirement); Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

The United States Supreme Court adopted a similar holding in Woodford v. Ngo, 548 U.S. 81 (2006) wherein it held that an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the PLRA's mandatory exhaustion requirement.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Woodford, 548 U.S. at 90-91 (internal citations, quotations and footnotes omitted).

The Court further noted that "[c]onstruing § 1997e(a) to require proper exhaustion also fits with the general scheme of the PLRA, whereas respondent's interpretation would turn that provision into a largely useless appendage. "A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" and "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Id. at 93-94. The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. Id. The Court concluded that the benefits of exhaustion could only be realized if the prison grievance system is given a

fair opportunity to consider the claims, which required the grievant to comply with the procedural rules. *Id.*

In the case at bar, Defendants' Concise Statement of Material Facts asserts that Plaintiff did not file any grievances with respect to the issues complained of in this lawsuit. In fact, the only grievance he has filed was not filed until September 27, 2012, over two months after this lawsuit was filed. As stated by the Court of Appeals for the Third Circuit, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet in Booth. Consequently, this Court is required to follow the Supreme Court's directive in Booth and dismiss Plaintiff's complaint due to his failure to have exhausted his available administrative procedures. Accordingly, the Motion to Dismiss, treated as a motion for summary judgment filed by Defendants will be granted. An appropriate order follows.

AND NOW, this 15th day of February, 2013;

IT IS HEREBY ORDERED that the Motion to Dismiss, treated as a motion for summary judgment, filed by Defendants (ECF No. 26) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court mark this case **CLOSED**.

AND IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_Cynthia Reed Eddy_
Cynthia Reed Eddy
United States Magistrate Judge

Heriberto Rodriquez, FW1620  
SCI Pittsburgh  
PO Box 99991  
Pittsburgh, PA 15233